487 F.Supp. 368 (1980)
Morris OBIN, Plaintiff,
v.
DISTRICT NO. 9, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Defendant.
Morris OBIN, Plaintiff,
v.
ANHEUSER-BUSCH, INC., Defendant.
Nos. 77-0767-C(C), 77-1010-C(C).
United States District Court, E. D. Missouri, E. D.
March 4, 1980.
Supplemental Order April 9, 1980.
Gerald Kretmar, St. Louis, Mo., for plaintiff.
Jerome A. Diekemper, Richard Shinners, Clayton, Mo., for defendant in No. 77-0767-C(C).
Dennis C. Donnelly, St. Louis, Mo., for defendant in No. 77-1010-C(C).

ORDER
MEREDITH, District Judge.
This matter is pending on plaintiff's objections to the defendants' bills. The Court is of the opinion that the costs cited by the defendants are reasonable and necessary in the preparation of this cause which was a five day case tried to a jury. Accordingly,
IT IS HEREBY ORDERED that the costs of Anheuser-Busch in the sum of $695.65 and the costs of District No. 9 in the amount of $680.89 are allowed.
*369 In addition to the costs, the attorneys for Anheuser-Busch have requested attorneys' fees in the sum of $25,000.00 on the basis of more than 500 hours and their normal rate ranges from $65.00 to $85.00 per hour, which would be in excess of the $25,000.00 figure. In the opinion of the Court, this is a reasonable fee and is justified. The plaintiff's claim had no merit of any kind. The defendant District No. 9 asks for attorneys' fees of $19,395.00 which represents 323.25 hours of work at a rate of $60.00 per hour. This is a reasonable fee under all the circumstances.
Accordingly, IT IS HEREBY ORDERED that Anheuser-Busch is allowed attorneys' fees in the sum of $25,000.00 and District No. 9, International Association of Machinists and Aerospace Workers is granted attorneys' fees in the sum of $19,395.

SUPPLEMENTAL ORDER
On the joint motion of defendants to amend this Court's order of March 4, 1980, and for the purpose of setting out the basis upon which the Court's order was issued,
IT IS HEREBY ORDERED that the March 4, 1980, order of this Court be and is supplemented in the following respects.

MEMORANDUM
Title 42 U.S.C. § 2000e-5(k) provides that a reasonable attorney's fee may be awarded to a prevailing party in a Title VII case. In addition, the Supreme Court's decision in Christianburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), reaffirms the principle that attorney's fees may be awarded to a prevailing defendant where the suit was brought or maintained in bad faith. The record in this case discloses unequivocally that plaintiff's action had no merit and was brought or maintained in bad faith.
Plaintiff's employment record from 1966 through 1975 disclosed at least 20 incidents of employee misconduct, including but not limited to: violation of work rules, refusal to work, absenteeism, leaving work early, sleeping on the job, insubordination, and assault.
Plaintiff's union represented him at hearings and grievance procedures following each incident of misconduct. Throughout the years, plaintiff's misconduct was met with various responses by defendant Anheuser-Busch, Inc., including but not limited to written reprimands, suspensions, and eventual discharge.
The final discharge of plaintiff occurred after this ten year period of misconduct, and after a final incident of misconduct which occurred on April 28, 1975. Plaintiff was observed drinking while on the job. Because he had been observed drinking while at work on two prior occasions within the past 30 days, he was called in to his supervisor's office and informed that his supervisor intended to file a report which might result in formal disciplinary action being taken against him. After leaving his supervisor's office, while carrying a beer, plaintiff approached the individual who had initially reported him and began cursing and berating him. This incident ended with plaintiff spraying the individual with beer. Because this constituted plaintiff's second violation of plant rules within one hour, his supervisor suspended plaintiff pending a determination of appropriate disciplinary action.
A meeting was held the next day between plaintiff, union representatives, and Anheuser-Busch representatives. At this meeting, plaintiff deliberately lied and denied that he had any contact with the individual who reported observing plaintiff drinking while on the job the prior day. At the conclusion of the meeting, plaintiff was notified that he was suspended until further notice. Several days later, plaintiff was informed that he was discharged because of this incident and also because of his repeated violations of the General Conduct Rules and Regulations and his failure to heed previous counseling, reprimands, and suspensions.
The next day plaintiff filed a grievance in which he again denied that any incident had occurred. Relying upon plaintiff's protestations of innocence, District No. 9 *370 processed his grievance through the third step of the grievance procedure set out in its collective bargaining agreement with Anheuser-Busch, Inc.
Plaintiff's union representatives discovered thereafter that he had lied regarding his conduct several days prior to his discharge and, in fact, had confessed to the company that he was sorry for his acts of misconduct. They decided there was no justification for further committing union resources in a futile attempt to vindicate plaintiff's insubordinate conduct. Based on this incident and plaintiff's documented history of repeated insubordination over a period of ten years, the company refused to rescind plaintiff's discharge.
The evidence shows clearly that plaintiff had been disciplined nine times since 1966 prior to his discharge, had received eight corrective letters to his file, had been counseled on numerous occasions by management and labor union representatives alike, had amassed a total of nine weeks and four days of disciplinary suspension. It was the opinion of both management and labor representatives alike that plaintiff possessed the worst record of any machinist employed at Anheuser-Busch.
Conversely, plaintiff's assertion that his discharge was because of his religious preferences is supported merely by his own self-serving declarations. There was no substantial evidence which supported this assertion.
Plaintiff's complaint in this action was initially filed July 15, 1977. In the answer of defendant District No. 9 to the complaint, filed August 26, 1977, defendant put plaintiff on notice that it believed plaintiff's action was being maintained without just cause. Furthermore, defendant District No. 9 asserted at this early stage that plaintiff's action was frivolous and instituted in bad faith, and that defendant intended to seek its attorneys' fees necessitated in defending this action.
In spite of this knowledge, plaintiff continued to vigorously prosecute his claims, necessitating a similar response from both defendants. The extensive record in this case shows that defendants expended considerable time and energy defending this lawsuit, including an attempt to seek plaintiff's dismissal of his action. This request was denied. Nearly two and a half years later, and after five days of trial, a jury returned a verdict which awarded plaintiff absolutely no recovery whatsoever.
In view of the total record compiled in this case, as well as the fact that plaintiff's net worth is established at nearly $200,000, there is no unjust burden placed on plaintiff by awarding defendants their attorneys' fees.
The attorneys' fees sought in this action are justifiable and reasonable in light of the criteria for reasonableness set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). These criteria have received repeated approval by the Eighth Circuit. See Davis v. Oberholtzer, 588 F.2d 243 (8th Cir. 1978). In Johnson, one factor considered in assessing the reasonableness of attorneys' fees awarded was the time and skill required in trying the case. In the instant case, the litigation lasted over two and a half years and resulted in five days of trial. The time and labor required in trying this case have been documented to the Court in the bill of costs, motions for attorneys' fees, and supportive memoranda and affidavits filed by defendants. The hourly billing rate for attorneys' fees charged in this case was at $60 to $65 per hour. Defendants have shown that this amount is not the highest hourly fee they have charged for Title VII work, and is the prevailing hourly rate for defense work of the sort involved in this case.
The basis on which attorneys' fees are assessed also merits consideration to show the expectation of the parties when initiating the suit and defending the same. In this case, an hourly rate was charged defendants. Repeatedly throughout the litigation, defendants indicated to plaintiff that in their opinion this lawsuit was baseless. They encouraged plaintiff to dismiss the case, but plaintiff vigorously prosecuted his claim. Thus, a vigorous defense was required, lasting over two and a half years, *371 in a specialized area of labor law. It cannot be said that the defendants' attorneys' fees are surprisingly high or not within the reasonable expectations of the parties after a lengthy case of this nature.
The Fifth Circuit further held in Johnson, supra, that the amount involved and the results obtained in a Title VII case are factors properly considered in a fee award. In this case, plaintiff sought his economic losses and injunctive relief for the alleged actions of defendants. Defendants continuously asserted that plaintiff's claim was baseless and instituted in bad faith. The jury awarded plaintiff absolutely nothing and came to this result after a relatively short period of deliberation. This result, when viewed against the length of this litigation and the repeated attempts by defendant to seek dismissal of this action, support the conclusion that the award of defendants' attorneys' fees against plaintiff is reasonable.
Other factors considered by the Johnson court include the undesirability of a case, the length and nature of the professional relationship with the client, and the amount of awards granted in similar cases. Consideration of these and other factors only reaffirms the Court's conclusion that in the circumstances of this case, the award of attorneys' fees is proper and just.