**Francis MUSCARE, Plaintiff-Appellee,**

v.

**Robert J. QUINN, Individually and as Commissioner of the Chicago Fire Department, Defendant-Appellant.**

**No. 77–1907.**

United States Court of Appeals, Seventh Circuit.

Argued May 22, 1978.

Decided Feb. 13, 1980.

Edmund Hatfield, Corp. Counsel, Chicago, Ill., for defendant-appellant.

Linda R. Hirshman, Chicago, Ill., for plaintiff-appellee.

Before PELL and WOOD, Circuit Judges, and HARPER, Senior Judge.*

HARPER, Senior Judge.

This appeal involves a supplementary proceeding for an award of plaintiff's attorney's fees pursuant to 42 U.S.C. § 1988, in a civil rights case brought under 42 U.S.C. § 1983.

---

* Senior District Judge Roy W. Harper of the Eastern and Western Districts of Missouri sitting by designation.

On March 11, 1974, plaintiff, Francis Muscare, filed his complaint in the United States District Court for the Northern District of Illinois. Muscare was at that time a lieutenant in the Chicago Fire Department. He sought a declaratory judgment that a departmental grooming regulation restricting facial hair on firefighters was unconstitutional. He also sought a determination that the disciplinary procedure utilized by the fire department in suspending him for twenty-nine days for violating the grooming regulation deprived him of due process. Muscare requested preliminary and permanent injunctive relief, prohibiting the enforcement of the grooming regulation, and back pay.

The district court denied plaintiff relief, holding that the grooming regulation was justified as a reasonable safety measure and hence constitutionally valid. The grooming regulation was instituted as a safety measure to promote the effective use of firefighter's gas masks. The district court did not expressly rule on the plaintiff's claim of a denial of procedural due process. The district court's order was appealed to this Court.

On May 21, 1975, this Court filed its per curiam opinion. *Muscare v. Quinn*, 520 F.2d 1212 (7th Cir. 1975). Therein this Court declined to resolve the issue of the constitutionality of the facial hair regulation, but held that Muscare had been suspended without procedural due process. Public employees facing temporary suspension for less than thirty days were found to be entitled under due process to a hearing prior to suspension where they would be fully informed of the reason for the proposed suspension and where they could challenge its sufficiency. *Muscare v. Quinn*, supra at 1215. Muscare had been afforded only a post-suspension review before the Civil Service Commission of the charges against him, which he did not utilize.

On July 24, 1975, the defendant filed a petition for certiorari in the United States Supreme Court, which was granted on October 14, 1975.

In August of 1975, the Civil Service Commission of the City of Chicago revised its suspension procedures, providing an opportunity for a pre-suspension hearing to most Chicago civil service employees, including those in the fire department.

On May 3, 1976, the Supreme Court dismissed the writ of certiorari as improvidently granted. *Quinn v. Muscare*, 425 U.S. 560, 96 S.Ct. 1752, 48 L.Ed.2d 165 (1976). Therein the Court stated, 425 U.S. at 562–63, 96 S.Ct. at 1753–1754:

"Following the grant of certiorari and the oral argument in this case, this Court in another case upheld a police department hair regulation similar to that challenged by the respondent in the present litigation. *Kelly v. Johnson, [ante]*, 425 U.S. p. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708. In that case, we concluded that 'the overall need for discipline, esprit de corps, and uniformity' defeated the policeman's 'claim based on the liberty guaranty of the Fourteenth Amendment.' *Ante*, at 246, 248, 96 S.Ct. [1440] at 1445, 1446, 47 L.Ed.2d 715, 716. *Kelly v. Johnson*, renders immaterial the District Court's factual determination regarding the safety justification for the department's hair regulation about which the Court of Appeals expressed doubt. Moreover, after the grant of certiorari, this Court was informed that the Civil Service Commission of the city of Chicago had revised its rules to provide for pre-suspension hearings in all nonemergency cases. While this voluntary rule change was subject to rescission, counsel for the petitioner candidly advised the Court at oral argument that even if the petitioner should prevail, it was very doubtful that the Commission would revert to its former suspension procedures. In view of these developments, the writ of certiorari is dismissed as improvidently granted."

On December 6, 1976, the district court entered judgment for Muscare. It found that the suspension of the plaintiff violated his right to due process and ordered that Muscare be paid damages in the amount of one month's salary plus all benefits with

legal interest from the date of the deprivation. Plaintiff's request for costs and attorney's fees was taken under advisement.

On December 28, 1976, plaintiff filed a memorandum in support of his motion for attorney's fees. Attached to this memorandum as Exhibit C was a schedule representing an estimate of hours spent on the case by plaintiff's counsel. Therein plaintiff requested $41,012.50 in attorney's fees for 820.25 hours spent at the rate of $50.00 per hour, plus $3,677.67 in expenses. Plaintiff later filed an addendum to his petition for fees and costs in the amount of $1,257.73 for the cost of printing briefs in the United States Supreme Court.

On May 2, 1977, the District Court entered an order without a hearing, granting plaintiff's motion for costs and attorney's fees. Therein it stated

> "The hours reflected on plaintiff's exhibit are characterized as an estimate, and apparently are not the product of accurate contemporaneous time records. The hourly rate of $50 per hour is reasonable. The number of hours (820.25) asserted seems excessive.

> "The court awards $50 per hour for 500 hours, for. a total sum of $25,000. This added to the disbursements of $4,935.40 results in an award to plaintiff for attorney's fees in the sum of $29,935.40."

Thereafter plaintiff filed a motion to reconsider, asserting that the statement of hours, hourly rate, and costs, was true and accurate. Defendant also filed a motion to reconsider. These motions were denied by the District Court. This appeal followed.

We have previously set out a method of analysis to assist in determining the amount of attorney's fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. *Waters v. Wisconsin Steel Works*, 502 F.2d 1309, 1322 (7th Cir. 1974), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). The Court said:

> "In fashioning a method of analysis to assist in determining the amount of attorney fees properly to be awarded in a Title VII action, we cannot subscribe to

the view that attorney fees are to be determined solely on the basis of a formula applying 'hours spent times billing rate.' We recognize, however, that such a factor is a consideration in making the ultimate award and indeed it is a convenient starting point from which adjustments can be made for various other elements. Other elements to be considered are set out in the Code of Professional Responsibility as adopted by the American Bar Association:

> > "Factors to be considered as guides in determining the reasonableness of a fee include the following:

> > "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

> > "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

> > "(3) The fee customarily charged in the locality for similar legal services.

> > "(4) The amount involved and the results obtained.

> > "(5) The time limitations imposed by the client or by the circumstances.

> > "(6) The nature and length of the professional relationship with the client.

> > "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

> > "(8) Whether the fee is fixed or contingent.

> "Disciplinary Rule 2–106."

These eight factors set out in the Code of Professional Responsibility, as adopted by the American Bar Association, are pertinent and to be considered in an award of attorney's fees under 42 U.S.C. § 1988. *See, King v. Greenblatt*, 560 F.2d 1024, 1027 n. 6 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Rainey v. Jackson State College*, 551 F.2d 672, 676 (5th Cir. 1977).

The determination of reasonable attorney's fees under 42 U.S.C. § 1988 is left to the sound discretion of the trial

judge. An abuse of discretion as to the method of computing an award of attorney's fees would require a remand of the matter to the district court for further consideration. *Waters,* supra at 1322. The District Court's memorandum opinion on the award of attorney's fees correctly adopts the standards contained in *Waters,* supra. We read the Supreme Court's opinion in *Quinn* as clearly implying that the Fire Department's regulation was constitutional and that in effect the defendant had prevailed on the substantive claim. This Court's first opinion in *Quinn* was left standing to the effect that there had been a denial of procedural due process. Accordingly, attorney's fees should only be awarded on plaintiff's successful claim that he was denied due process and not on his unsuccessful claim that the Fire Department's grooming regulation was unconstitutional. *Dillon v. AFBIC Development Corp.,* 597 F.2d 556, 564 (5th Cir. 1979); *Equal Employment Opportunity v. Safeway Stores,* 597 F.2d 251, 253 (10th Cir. 1979) [42 U.S.C. § 2000e–5(k)]; *Hughes v. Repko,* 578 F.2d 483, 487 (3rd Cir. 1978).

Plaintiff's success was only in the context of establishing procedural rights. The procedural issue, though significant, was not the main part of this case. Muscare was given oral warnings of his violation of the regulation and an opportunity for a post-suspension hearing which he did not utilize. These procedures were conducted in good faith by the defendant, who relied upon a previous determination by the Illinois Supreme Court that the procedures were constitutionally adequate. *Kropel v. Conlisk,* 60 Ill.2d 17, 322 N.E.2d 793 (1975). As a result of this Court's decision in *Muscare v. Quinn,* supra, and the revision of the civil service suspension procedure, a person in Muscare's position would now be entitled to a pre-suspension hearing. In *Carey v. Piphus,* 435 U.S. 247, 263, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978), the Supreme Court stated:

"[W]here the deprivation of a protected interest is substantively justified but procedures are deficient in some respect, there may well be those who suffer no distress over the procedural irregularities. Indeed, in contrast to the immediately distressing effect of defamation *per se,* a person may not even know that procedures were deficient until he enlists the aid of counsel to challenge a perceived substantive deprivation."

It does not appear that Muscare maintained a substantial interest in the procedures afforded him in light of his failure to utilize the post-suspension hearing available to him. Thus, success on the issue of procedural due process by the plaintiff cannot be equated with the defendant's success on the substantive issue.

This Court in *Roesel v. Joliet Wrought Washer Company,* 596 F.2d 183 (7th Cir. 1979) considered whether attorney's fees should be awarded when the plaintiff was successful on one claim under Title VII of the 1964 Civil Rights Act, as amended 42 U.S.C. § 2000e *et seq.,* but not successful on other claims. Since each party prevailed in some part, the district court's decision to award attorney's fees to neither was affirmed. *Roesel* is distinguishable in that the plaintiff received back pay for past discrimination but no other relief. In the instant case, Muscare was responsible for the defendant instituting a change in the suspension proceedings that will benefit others in similar situations.

In *Dawson v. Pastrick,* 600 F.2d 70 (7th Cir. 1979) we held that it was error for the district court to fail to award attorney's fees. In that case the district court had held for plaintiffs under 42 U.S.C. § 1981 but against plaintiffs' claims based upon the Thirteenth and Fourteenth Amendments. We found the plaintiffs to be prevailing parties since the suit prompted defendants to alter their employment practices to the plaintiffs' benefit. We stated that "the circumstances of each case must be individually considered in determining who is the prevailing party." *Id.* at 79 n. 13.

Plaintiff is the prevailing party as to the procedural due process claim. "[A] prevailing plaintiff should receive fees almost as a

matter of course." *Davis v. Murphy*, 587 F.2d 362, 364 (7th Cir. 1978). However, plaintiff did not prevail on his substantive claim and it would be an injustice to award him fees for time his attorneys spent pursuing it.

Accordingly, it is ordered that the judgment of the district court be vacated and the case is remanded to the district court to determine and award a reasonable attorney's fee for the claim upon which plaintiff prevailed consistent with this opinion.