**Bernice DIETRICH et al., Plaintiffs,**

v.

**Jeffrey MILLER et al., Defendants.**

**No. 77 C 1383.**

United States District Court,
N. D. Illinois, E. D.

March 13, 1980.

Aviva Futorian, Nelson Soltman, Legal Assistance Foundation of Chicago, Chicago, Ill., and Alan Alop, Legal Services, Chicago, Ill., for plaintiffs.

William Scott, Atty. Gen., by William Wenzel, Sp. Asst. Atty. Gen., Welfare Litigation Division, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This case comes before the court on plaintiffs' motion for attorneys' fees pursuant to 42 U.S.C. § 1988.

On April 21, 1977, plaintiffs filed their complaint in this case.[1] The jurisdiction of this court is founded on 28 U.S.C. § 1343(3) and (4). Plaintiffs alleged, *inter alia*, that their due process rights were violated by the Illinois Department of Public Aid's (IDPA) failure to take "prompt, definitive, and final administrative action" in granting food stamp hearings and implementing the decisions made as a result of those hearings within 60 days of plaintiffs' request for the hearing. The plaintiffs also alleged that this practice was in contravention of the requirements of federal regulations[2] promulgated by the Department of Agriculture pursuant to the Food Stamp Act. 7 U.S.C. § 2011 *et seq.*

The complaint requested relief in the form of an injunction requiring the defendants to hold hearings and implement the decisions issued pursuant thereto within 60 days of a request for a hearing concerning food stamp benefits. They also requested that the court enter a declaratory judgment finding the defendants' alleged practices to be in violation of the fourteenth amendment.

The consent decree did not include declaratory relief, but it did provide the plaintiffs with injunctive relief in accordance with the requirements of 7 C.F.R. § 273.15(c), giving to members of the plaintiff class relief practically identical to that which was

---

1. A plaintiff class was certified on November 21, 1977. The consent decree slightly modified the class to consist of:

    "All persons in the State of Illinois who, through no fault of their own, have not received decisions on hearings concerning food stamps within 60 days of their requests for such hearings, and have not had their hearing decisions fully implemented within 10 days thereafter.

2. One of the regulations relied on by the plaintiffs and in effect at the time this suit was filed

provided in part that: "The State agency must take prompt, definitive and final administrative action within 60 days of any request for a hearing."

7 C.F.R. § 271.1(*o*).

After this suit was filed, USDA amended its regulations to provide for hearings and decisions within 60 days of request and implementation of hearing decisions within 10 days thereafter.

7 C.F.R. § 273.15(c).

requested in the complaint. Thus, the plaintiffs prevailed with respect to the major purpose for which the suit was brought.

The defendants agree that the plaintiffs' attorneys are entitled to fees pursuant to § 1988, but dispute the claimed amount of $20,783.75.

The defendants contest the amount of the fees claimed on three grounds: (1) Plaintiffs failed to present adequate evidence to support an award of $20,783.75; (2) The hours claimed are unreasonable, excessive, duplicative, and disproportionate to the results achieved; (3) The calculation of a fee award for a federally funded legal services organization may not be based on the "customary" hourly rate that would be charged by a private attorney.

With regard to defendants' first contention, the court finds that the sworn affidavits submitted by plaintiffs' attorneys provide a sufficient evidentiary basis for the award of attorneys' fees. Each affidavit includes a detailed list of the items of work done and the time spent on each item.

After a careful review of each affidavit, we conclude that the attorneys allocated their time reasonably. Over a period of approximately two and one-half years, the four attorneys spent a total of 369.50[3] hours working on this case. This included 27 hours spent by two attorneys in formulating the complaint. Approximately 70 hours were spent by three attorneys in successfully seeking class certification of this suit. Approximately 110 hours were spent on discovery matters including the review of IDPA materials and files. The information gained as a result thereof was important to the plaintiffs' successful motion for class certification and their successful opposition to defendants' motion for summary judgment. The court fails to see anything unreasonable about the time spent on discovery and related matters.

Moreover, the court does not agree that the plaintiffs' attorneys unnecessarily duplicated each other's work. It is clear from a review of the affidavits that the time spent by plaintiffs' attorneys on research, drafting of pleadings, memoranda regarding class certification and defendants' motion for summary judgment, settlement negotiations and drafting of proposed settlement orders was reasonable.

Finally, the defendants propose that plaintiffs' attorneys' hourly rate should be calculated on a cost-plus reasonable profit basis as suggested by *Copeland v. Marshall*, 594 F.2d 244 (D.C.Cir. 1978) (vacated May 29, 1979).

We do not accept defendants' contention that the hourly billing rate of attorneys for the Legal Assistance Foundation of Chicago (LAFC) should be based on the fully allocated cost to the organization of an attorney's time. This contention has been almost uniformly rejected by courts in this district and others. *See, e. g., Lackey v. Bowling*, 476 F.Supp. 1111 (N.D.Ill., 1979) (Grady, J.); *Custom v. Quern*, 482 F.Supp. 1000 (N.D.Ill., 1980) (Marshall, J.); *Rodriguez v. Taylor*, 569 F.2d 1231 at 1248 (3d Cir. 1977); *Torres v. Sachs*, 538 F.2d 10 (2d Cir. 1976) (relying on the language and legislative history of 42 U.S.C. § 1973(1)(c) and cited with approval in H.Rep. 94–1558 at p. 8 n.6 dealing with attorneys' fees pursuant to 42 U.S.C. § 1988); *Fairley v. Patterson*, 493 F.2d 593 at 606–607 (5th Cir. 1974). We find the above cited opinions of Judges Grady and Marshall to be well reasoned and persuasive and we agree that the reasonable value of the attorneys' services should be measured by the hourly rate that comparable counsel would charge a fee-paying client in equally complex federal litigation.

The hourly rates used by plaintiffs' attorneys in calculating the attorneys' fees requested are reasonable. Four LAFC attorneys worked on this case. Attorney Futorian is a 1970 graduate of the University of

---

**3.** The affidavit of Attorney Stevens expresses items in terms of minutes rather than tenths of hours, but the total is stated in terms of tenths of hours and appears to be 1.5 hours less than the correct total of 65 hours and 15 minutes. The court will assume the total amount claimed is 63.75 hours.

Chicago Law School who engaged in private practice before joining LAFC. She has extensive experience in the welfare rights field. Her request for fees computed at an hourly rate of $60.00 is reasonable in light of the high quality of her work before this court and the comparability of this rate to rates of equally experienced attorneys in this area.

Attorney Soltman is a 1969 graduate of the University of Chicago Law School and his entire legal career has been spent as an attorney for legal service organizations like LAFC. Mr. Soltman also has a great deal of experience with cases similar to this one. We find an hourly rate of $65.00 to be reasonable.

Attorney Johnson is a 1975 graduate of Harvard Law School. After serving as law clerk to Judge McMillen for two years, Mr. Johnson began working for LAFC. An hourly rate of $50.00 is reasonable.

Attorney Stevens is a 1976 graduate of Chicago-Kent College of Law and worked for LAFC until September of 1979. An hourly rate of $45.00 is reasonable.

In conclusion, the court has carefully reviewed the hours spent on this case by each of the four attorneys as disclosed by their affidavits. We find from the affidavits that the time spent on the various motions and settlement negotiations was entirely reasonable, and not excessive. There is no indication that the time spent on any matter was unnecessarily duplicated by the four plaintiffs' attorneys. Moreover, plaintiffs' attorneys have not requested fees for the time spent preparing the present motion.

■ Overall consideration of the quality of representation, the ability and experience of plaintiffs' attorneys, the time spent by the attorneys during a lengthy period of complex negotiations, the reasonableness of the hourly rates, and the successful results achieved,[4] leads the court to conclude that the plaintiffs' attorneys are entitled to an award in the amount of $20,783.75 and that

the defendant Illinois Department of Public Aid be and is required to pay said amount to the Legal Assistance Foundation of Chicago.

IT IS SO ORDERED.

---

4. The court has considered the award of attorneys' fees in light of the facts as listed in the

Seventh Circuit's recent opinion in *Muscare v. Quinn*, 614 F.2d 577 at 579–580, (1980).