**Mrs. Judith F. HOPPE, Plaintiff,**

v.

**Walter HULLAR et al., Defendants.**

**Thomas F. HOPPE, Plaintiff,**

v.

**Walter HULLAR et al., Defendants.**

**Nos. 75–C–213, 75–C–278.**

United States District Court,
E. D. Wisconsin.

July 25, 1980.

---

Curry First, Perry, First, Reiher & Lerner, Milwaukee, Wis., for plaintiff Thomas Hoppe, in No. 75–C–278.

Stephen M. Glynn, Shellow & Shellow, Milwaukee, Wis., for plaintiff Judith Hoppe, in No. 75–C–213.

Robert E. Cook, Cook & Franke, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

On April 16, 1975, the plaintiff, Judith Hoppe, commenced her action against the named defendants. Subsequently, on May 20, 1975, the Court granted plaintiff, Thomas Hoppe, leave to proceed *in forma pauperis* in case 75–C–278. Subsequently, the cases were consolidated and at the request of the Court, Attorneys Curry First and Stephen Glynn entered appearances on behalf of Thomas and Judith Hoppe, respectively. Shortly after these attorneys appeared in the case, the plaintiffs filed an amended complaint. In their amended complaint, plaintiffs alleged that the defendants had violated their constitutional rights due to the restrictive visitation policy at the jail and certain mail–handling and correspondence procedures in operation at the jail. At trial, the Court found that the defendants had violated the plaintiff Thomas Hoppe's constitutional right of access to the courts because certain letters from the plaintiff to Federal Judges Doyle and Reynolds placed in defendants' custody for mailing were not received by the judges. Therefore, the Court concluded that the defendants had interfered with Thomas Hoppe's right of access to the court. The Court denied all other claims for relief by plaintiff Judith Hoppe and all other claims by Thomas Hoppe.

Counsel for plaintiffs Thomas Hoppe and Judith Hoppe have now filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988 (1976). Counsel contend that plaintiff Thomas Hoppe was the prevailing party in the litigation and, therefore, entitled to attorney's fees. Furthermore, counsel contends that although they entered separate appearances for Judith and Thomas Hoppe respectively, they both worked together on the entire case and thus the Court should consider both their efforts in determining an award of fees. Defendants contend that the plaintiff was not the prevailing party and thus not entitled to an award of attorney's fees. In the event that Thomas Hoppe is a prevailing party, defendants assert that both counsel are not entitled to fees and finally, that any award must be apportioned to the time spent on the issue upon which the plaintiff prevailed.

Section 1988 provides in part that:

In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980 and 1981 of the Revised statutes [42 U.S.C. § 1981–1983, 1985, 1986] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

As the language of the statute indicates, only prevailing parties may be awarded attorney's fees. Only by considering all the circumstances can the Court ascertain who is the prevailing party. *Muscare v. Quinn*, 614 F.2d 577, 580 (7th Cir. 1980), citing, *Dawson v. Pastrick*, 600 F.2d 70, 79, n.13 (7th Cir. 1979). To be a prevailing party, one need not be successful on all claims. *Dawson v. Pastrick*, 600 F.2d at 78. The proper focus of inquiry is what effect the lawsuit will have on the protection of the plaintiff's rights and of those persons similarly situated. *See Muscare v. Quinn, supra; Dawson v. Pastrick, supra; Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978); *Martin v. Wray*, 473 F.Supp. 1131 (E.D.Wis. 1979).

In this instance, it is true the plaintiff did not prevail on a number of claims, however, the plaintiff did prevail on two important issues and recovered on one of them. In the Court's memorandum and opinion, it expressly held that defendants' policy of limiting correspondence to one page was an unreasonable restraint on the plaintiff's First Amendment rights. Furthermore, the Court found that defendants had interfered with the plaintiff's right of access to the Court. Although the defendants successfully asserted the defense of good faith with respect to the First Amendment claims, the Court's statement was expected to, and should have resulted in a change in policy by defendants.

Moreover, although no jail policy was directly affected by the finding regarding the right of access to the Courts, it is expected

that the finding of liability and the award of damages will give defendants pause in the future and cause them to be more careful in the handling of correspondence given to them for mailing. To this extent, therefore, the Court finds that the plaintiff is the prevailing party in this litigation. As the prevailing party, the Court finds that Thomas Hoppe is entitled to attorney's fees. *Davis v. Murphy*, 587 F.2d 362, 364 (7th Cir. 1978).

In *Waters v. Wisconsin Steel Works of International Harvester Co.*, 502 F.2d 1309, 1322 (7th Cir. 1974), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976), the Seventh Circuit set out the method of analysis to be employed in determining the amount of attorney's fees. There, the court stated:

> Factors to be considered as guides in determining the reasonableness of a fee include the following:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

This analysis has been applied in section 1983 matters and has been recently reaffirmed by the Seventh Circuit in *Muscare v. Quinn, supra*. The court in *Muscare* also stated that where a plaintiff is a prevailing party with respect to some, but not all aspects of a case, the court must apportion the award of attorney's fees in such a manner as to ensure that the plaintiff does not recover fees for time spent on matters upon which he did not prevail. 614 F.2d at 579.

■ At the outset, before applying the *Waters* court factors, this Court must determine whether the time spent by both Attorney Glynn and Attorney First should be considered in the award of attorney's fees. In his affidavit in support of his request for attorney's fees, Attorney Glynn states that at the time the Court requested that he and Attorney First enter this case, they agreed that they would make separate appearances for each plaintiff to ensure that none of their claims would be neglected. He also indicates that they recognized with respect to the joint claims, each attorney would be working on both cases. According to his affidavit, during the prosecution of the case, the attorneys for the plaintiff divided up the work effort. Attorney Glynn was responsible for the pretrial motions and briefs and Attorney First was responsible for the communications with the clients and for depositions. At trial, they both participated equally.

Defendants contend that Attorney Glynn's work should not be considered because he represented Judith Hoppe and not Thomas Hoppe and his client was totally unsuccessful in this litigation. To award fees for his work, defendants argue, would be unjust because, in effect, they would be paying for having prevailed against Judith Hoppe.

The Court recognizes that the situation before it is unique. Ordinarily, an attorney who appears for one plaintiff does not represent any of the other plaintiffs. To the extent that there is a spirit of cooperation between plaintiffs' attorneys, they will agree on sharing certain burdens, but usually not the fee. In this instance, however, the two attorneys appeared at the request of the Court and made their appearances with the understanding that it would be a joint effort. The record in the cases indicates that both attorneys, although from different firms, worked in active concert to prosecute these cases.

After considering the possible prejudice to the defendants and the effect on the ability of future *pro se* litigants to obtain counsel in similar matters, this Court finds that the hours expended by Attorney Glynn and Attorney First should be considered together in the award of attorney's fees. Although this decision will result in a higher award, defendants will not be prejudiced because the Court will only award the fees the plaintiff is entitled to for prevailing on the issues he did. Furthermore, the Court notes that Attorney Glynn has not claimed any time for conferences with Attorney First. Therefore, the defendants are not prejudiced because the plaintiff was, in effect, represented by two law firms.

▮ Having determined that both counsel represented the plaintiff, the Court must now determine the amount of attorney's fees it shall award.

Initially, the Court notes that Attorney First has submitted an affidavit indicating he spent a total of 94.3 billable hours on this case and Attorney Glynn's affidavit indicates he spent a total of 43.00 hours on the case. Attorney First indicates also that his average hourly rate is $50.00 per hour.

The first factor to be considered is the difficulty of the case, its novelty, the skill required to prosecute it, and the time expended. Plaintiffs' attorneys have submitted their affidavits of time spent on the entire matter. This Court, however, can only consider the time spent on issues upon which the plaintiff prevailed. *Muscare v. Quinn*, 614 F.2d at 580–81. Ordinarily such an apportionment might require a hearing, but because of the Court's familiarity with the case and because neither party requested a hearing, the Court does not find a hearing is necessary. Instead, the Court shall apportion the hours spent based on its familiarity with the case and the record before it.

The total number of hours submitted by the attorneys amounts to 137.3. This total represents all of the time spent by both attorneys on the joint issues in the case. The trial in this case focused on three areas: the correspondence procedures of the jail, the visitation procedures of the jail and the plaintiff's right of access to the Court. The plaintiff did not prevail on any of the visitation issues, nor did he recover on the correspondence issues, but the Court's decision did affect the correspondence policy with respect to the one–page restriction on letters. Plaintiff, however, was successful with respect to the issue of access to the courts. Therefore, the Court finds that as a raw establishment of the number of hours attributable to issues upon which the plaintiff prevailed, the total number of hours should be reduced by two–thirds. This results in a total of 45.7 hours spent on the issue upon which plaintiff prevailed. Heeding defendants' suggestion, the Court finds that it is proper to further reduce the number of hours because there was some evidence of duplication of effort. Therefore, the Court will reduce the number of hours by seven and establish 38.7 hours as the total spent on the prevailing issue.

Considering the other factors which fall under the first guideline, the Court notes that the question involved was not exceedingly difficult or novel, nor was it especially straight forward. In short, it was typical of many factual issues the Court deals with each day and required the services of a competent attorney.

Factors two, five and six involve the relationship of the client and his attorney and the limitations placed on the attorney by the acceptance of this case. Attorney First has indicated that he has a very busy practice and that his representation of the plaintiffs has not resulted in any further relationship between them. Furthermore, he states that his acceptance of this case precluded him from taking other cases. The Court does not find these factors very helpful in determining this issue because, to the extent an attorney takes any case, he foregoes other potential clients. In addition, that the attorneys have derived no other benefits from their representation does not enhance or detract from their entitlement to fees. If they had received other cases because of their representation, then the Court might consider it relevant in setting a fee, but that they did not is not important.

Factors three, four, seven and eight directly involve the amount of fees to be awarded. Under factor three, the Court must examine the customary fee charged for similar services. In the past, the Court has awarded between $45.00 and $50.00 per hour, depending upon the request. Attorney First urges the Court to raise its prevailing rate structure to conform with the estimates of the Wisconsin Bar Bulletin of December, 1979. In that issue, the journal reported that the prevailing rate in most midwestern states was approximately $66.00 per hour. Furthermore, Attorney First cites a recent law review article which details the disparity in fee awards between antitrust cases and Title VII. *See* Berger, *Court Awarded Attorneys' Fees: What is Reasonable*, 126 U.Pa.L.Rev. 281 (1977). Despite these facts, Attorney First's own affidavit indicates the reasonableness of the Court's $50.00 per hour rate because it is the same rate he bills the majority of his clients.

Under factor four, the Court must look to the actual award of damages once the results are obtained. Obviously, if the plaintiff received a large judgment and the Court ordered a full-scale revision in the jail procedures, then plaintiff's attorneys would be entitled to higher fees. In this instance, plaintiff prevailed, but his award was not very great, nor did the case effect major changes in jail policy. Therefore, there is no reason to consider raising the standard fee.

Defendants place great emphasis on the contingent fee arrangement between the plaintiff and his attorneys. They contend that because a contingent fee arrangement existed, the attorneys waived any right to an award of fees. Defendants have not cited any authority for their theory and the authority found by the Court is to the contrary. *Sargent v. Sharp*, 579 F.2d 645, 648 (1st Cir. 1978). While the existence of a contingent fee arrangement might affect the amount of fees awarded, it does not affect the right to fees as a prevailing party. In this instance, the award was so minimal that the existence of the fee agreement has no effect on the award of fees.

The final factor is the reputation, experience and ability of the attorneys. In this case, both Attorney Glynn and Attorney First are fine trial attorneys with distinguished careers and many years of experience. Both attorneys have had extensive experience in civil rights litigation and have served on numerous boards and advisory counsels. In view of the attorneys' fine records, this factor would, on balance, enhance any fee awarded. The lack of complexity in this case, however, mitigates against any increase in fees in this case.

Having considered all the relevant factors set out above, the Court finds that a rate of $50.00 per hour is reasonable in this case. While the Court is painfully aware of the high inflation rate and greater expense of conducting business, the Court cannot, in fairness to the defendants, find that an award of more than $50.00 per hour is appropriate in this case in light of the relative lack of complexity. Therefore, the Court finds that the plaintiff is entitled to an award of $1,935.00 in attorney's fees for prevailing in this action.

So ordered.