662 F.2d 464
 Elizabeth BROWN, and James Brown by his next friend, Michael
Brown, on behalf of themselves and all others
similarly situated, Plaintiffs-Appellants,
v.
Robert SMITH, individually and as the Acting Administrator
of the Indiana Department of Public Welfare and Elizabeth
Samkowski, individually and as Director of the Marion County
(Indiana) Department of Public Welfare, Defendants-Appellees.
 No. 79-1459.
 United States Court of Appeals,
Seventh Circuit.
 Oct. 28, 1981.
 
 Peter L. Cassady, Legal Services Organization of Ind. Inc., Indianapolis, Ind., for plaintiffs-appellants.
 Eugene M. Fife, III, Marion County Dept. of Public Welfare, Theodore L. Sendak, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.
 Before CUMMINGS, Chief Circuit Judge, PELL, Circuit Judge, and GRANT, Senior District Judge.*
 GRANT, Senior District Judge.
 In an opinion issued on January 30, 1980, this court invalidated the "deeming" regulations contained in the Indiana State Medicaid Plan as inconsistent with the Medicaid provisions of the Social Security Act, specifically 42 U.S.C. § 1396a(a)(17). Brown v. Stanton, 617 F.2d 1224 (7th Cir. 1980). Following our decision, appellee Wayne A. Stanton, Administrator of the Indiana Department of Public Welfare (DPW),[1] filed a petition for a writ of certiorari with the Supreme Court. On July 2, 1981, the Court granted the petition and entered the following Order: "The judgment is vacated and the case is remanded to the United States Court of Appeals for the Seventh Circuit for further consideration in light of Schweiker v. Gray Panthers, 453 U.S. ----, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981)." Stanton v. Brown, --- U.S. ----, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981).
 Pursuant to the Court's Order, we now reconsider our decision. We will dispense with a recitation of the factual circumstances involved in this case in view of our previous detailed discussion. See Brown, 617 F.2d at 1226-27.
 I.
 Our earlier decision was comprised of three separate holdings. First, in determining the amount of income and resources belonging to the noninstitutionalized spouse that is potentially available for the support of the institutionalized spouse, we held that an individualized factual determination of the noninstitutionalized spouse's needs must be undertaken. We affirmed the decision of the district court, stating:
 This determination must include consideration of factors such as living expenses that do not proportionately decline due to the absence of the institutionalized spouse. The need for an individualized factual determination, rather than an arbitrary irrebuttable presumption, was correctly expressed in the court below. In suggesting a scheme considered acceptable, the court stated: "The contemplated scheme would allow the state to require proof of the particular needs and individual obligations of each spouse and family, and would then deduct these verified sums from the existing resources and income to determine the amount, if any, that is reasonably available for support of the institutionalized spouse." Mem.Op. p. 7. The district court's approach to this first level of inquiry is most equitable and is affirmed without change.
 Brown, 617 F.2d at 1227-28.
 Our second holding addressed what we characterized as the "gravamen" of the appeal. We held that it was "inconsistent with 42 U.S.C. § 1396a(a)(17)"[2] for Indiana law to "deem" actual contribution by the noninstitutionalized spouse from available funds. Brown, 617 F.2d at 1230-31. Thus, the state welfare agency was ordered "to make an upward adjustment in Medicaid benefits to compensate for the portion left unpaid by an unwilling spouse...." Id. at 1231. We did not, however, leave the state without a remedy against the unwilling noninstitutionalized spouse. We further held that after making the upward adjustment, the state welfare agency could then "proceed under the above statute (Indiana spousal support statute I.C. 31-2-2-1) to seek reimbursement directly from the unwilling spouse." Id.
 Judge Pell did not join in this holding. His analysis, relied on in part by the Court in Gray Panthers, merits citation.
 I do not consider it an answer to say that the state can take action against the spouse to recover that which the spouse was legally obligated to pay. I think it unrealistic to think that the state will engage in a multiplicity of continuing individual lawsuits to recover the money that it should not have had to pay out in the first place. Under the majority opinion, there is an open invitation for the spouse to decide that he or she does not wish to make the excess payment. In this era of inflation, and giving consideration to the human inclination not to pay out money when one doesn't have to, I think it reasonable to conclude that few would decline the invitation.
 Unfortunately, and with the greatest respect for the reasoning expressed in the majority opinion, it appears to me that once more a roadblock has been placed in the way of a reasonable and legal endeavor of state authorities to curtail unnecessary expenditures of public funds in social programs. I think the district court correctly struck down the "deeming" test, but provided a reasoned alternative to the state whereby the costs would be borne as they should be, I would adopt the opinion of the district court on this aspect of the matter as the opinion of this court, and therefore respectfully dissent from the majority opinion which overrules that part of the district court opinion.
 Brown, 617 F.2d at 1234.
 Our third and final holding examined the propriety of awarding attorneys' fees to the prevailing plaintiffs. Reversing the decision of the district court, we held that an award of attorneys' fees appeared "appropriate" in this case. Relying on Bond v. Stanton, 555 F.2d 172 (7th Cir. 1977), cert. denied, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), we rejected appellees' argument that attorneys' fees are inappropriate where a plaintiff prevails solely on a statutory, rather than a constitutional ground in a § 1983 action. This issue was remanded with the determination as to a reasonable amount left to the "expertise of the district court." Brown, 617 F.2d at 1233. Judge Pell also disagreed with this holding. Id. at 1234.
 II.
 The Supreme Court decided Schweiker v. Gray Panthers, 453 U.S. ----, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981), to resolve the disagreement which prevailed "among the Courts of Appeals over the validity of 'deeming' income in determining Medicaid benefits." 101 S.Ct. at 2639 (footnote omitted). More specifically, the Court addressed this court's second holding: that income and resources of the noninstitutionalized spouse in excess of a specified base amount could not be "deemed" to the institutionalized spouse for purposes of determining the latter's "available" financial resources.
 In concluding that the federal regulations which permit states to "deem" income and resources between spouses "are consistent with the statutory scheme and also are reasonable exercises of the delegated power," id. at 2640, the Court stated:
 It is clear beyond doubt that Congress was wary of imputing the income of others to a Medicaid applicant. Yet, as we noted above, Congress treated spouses differently from most other relatives by explicitly authorizing state plans to "take into account the financial responsibility" of the spouse. 42 U.S.C. § 1396a(a)(17)(D). Congress thus demonstrated that "deeming" is not antithetical to the general statutory requirement that Medicaid eligibility be based solely on resources "available" to the applicant. "Available" resources are different from those in hand. We think that the requirement of availability refers to resources left to a couple after the spouse has deducted a sum on which to live. It does not, as respondent argues, permit the State only to consider the resources actually paid by the spouse to the applicant (cite omitted).
 Id. at 2642 (footnote omitted) (emphasis added). After carefully reviewing the legislative history, the Court expressly concurred in the view of the Court of Appeals for the Fifth Circuit in Norman v. St. Clair, 610 F.2d 1228, 1237 (5th Cir. 1980), cert. denied sub nom. Schweiker v. Norman, --- U.S. ----, 101 S.Ct. 3159, 69 L.Ed.2d --- (1981), that "Congress intended that income deemed from a spouse ... be a part of the 'available' income which the state may consider in determining eligibility." Gray Panthers, 101 S.Ct. at 2641.
 The Court did not reach our first holding requiring an individualized factual determination of the noninstitutionalized spouse's needs in computing the potentially available funds subject to deeming. Justice Powell made this point clearly in response to some of the arguments expressed by Justice Stevens in dissent.
 
 
 1
 The dissenting opinion suggests that the federal regulations authorizing "deeming" are invalid because the provisions of some state plans "allo(w) a State to deem more income than (can) realistically be considered 'available.' " Post, at 2646. We think the dissent addresses a problem not presently before the Court. This case presents the question whether any "deeming" is consistent with the "availability" requirement of subsection (17)(B). We hold that it is. We do not, however, decide whether state plans that set aside inadequate sums for the contributing spouse are consistent with other provisions of the statute, such as the requirement that States "reasonabl(y) evaluat(e) ... income and resources." 42 U.S.C. § 1396a(a)(17)(C). In sum, whatever deficiencies may exist in specific state plans are not at issue in this case.
 
 
 2
 Gray Panthers, 101 S.Ct. at 2643 n.21 (emphasis added).
 
 III.
 
 3
 In their supplemental brief filed with this court following remand under Circuit Rule 19, appellants concede that Gray Panthers overrules this court's second holding invalidating those regulations which "deemed" income and resources of the noninstitutionalized spouse to the institutionalized spouse regardless of whether such income and resources are actually contributed.
 
 They further state that:
 
 4
 (i)t is clear that Indiana's DPW does not have to make an upward adjustment in the amount of Medicaid benefits it extends on behalf of an institutionalized recipient whenever his noninstitutionalized spouse fails to make her required monthly payment. It is clear that the DPW does not have to make collection efforts of any sort against the non-paying spouse.
 
 
 5
 Appellants' Supplemental Brief at 5. We, therefore, vacate our earlier holding on this point and now find that available funds of the noninstitutionalized spouse, computed according to the criteria set forth by the district court and affirmed by this court, may be "deemed" to the institutionalized spouse.[3]
 
 
 6
 As we earlier stated, Gray Panthers does not reach the first holding of this court. Appellants contend our decision "is both consistent with and outside of the Supreme Court's narrow holding." Appellants' Supplemental Brief at 6. Appellee does not challenge either interpretation. Rather, appellee argues that the issue of the method of computing the amount of income and resources belonging to the noninstitutionalized spouse that is potentially "available" for the support of the institutionalized spouse was rendered moot before this court's decision by the actions of the Indiana General Assembly. In our earlier decision, we noted that legislative action had been taken to conform to the decision of the district court. Brown, 617 F.2d at 1227 n.4. On April 9, 1979, the Indiana General Assembly enacted a statute which both parties claim incorporates the district court's holding and our affirmance on this issue. See I.C. 12-1-7-18.6. We interpret appellees' argument to be that due to this legislative action taken in response to the judgment entered below by the district court, we should vacate the judgment entered pursuant to our first holding. We find that such action is unnecessary. Our task here is to reconsider our previous decision in light of Gray Panthers. Inasmuch as Gray Panthers did not address this issue and there is nothing in the Court's opinion which leads us to believe that the district court's conclusion was erroneous,[4] we find no need to vacate or modify it.[5] The district court is free to consider in its determination of reasonable attorneys' fees the impact of the legislative action on the necessity and extent of appellants' efforts before this court as well as before the Supreme Court.[6]
 
 
 7
 The last argument asserted by appellees is that attorneys' fees are completely inappropriate as a result of Gray Panthers because the appellants are no longer prevailing parties with respect to their central claim in this action. We reject this argument for the simple reason that appellants remain prevailing parties with respect to their first claim concerning the proper method of computing the available funds of the noninstitutionalized spouse subject to deeming. They are entitled to reasonable attorneys' fees for their efforts on this claim. As this court stated in Murphy v. Kolovitz, 635 F.2d 662, 663 (7th Cir. 1981): "Our decision in Dawson v. Pastrick, 600 F.2d 70 (7th Cir. 1979), makes clear that this does not require success on every issue, but a determination that the plaintiff below 'prevailed in a practical sense.' (cite omitted)." Appellants prevailed on their first claim and thus fall within the fundamental requirement of 42 U.S.C. § 1988. Of course, appellants are no longer entitled to attorneys' fees for time spent with respect to their second claim and they concede this point in their Supplemental Response Brief at 2.
 
 
 8
 Appellees rely upon Muscare v. Quinn, 614 F.2d 577 (7th Cir. 1980), to support their claim that a remand on the issue of attorneys' fees is inappropriate because of the appellants' failure to prevail on their second claim. We fail to understand how Muscare lends any support to appellees because the court there remanded the case "to the district court to determine and award a reasonable attorney's fee for the claim upon which plaintiff prevailed...." Muscare, 614 F.2d at 581. Appellants prevailed at the district, and later the appellate, court level on an important claim in this case. The intervening enactment of I.C. 12-1-7-18.6 was made in response to the decision of the district court and the efforts of the appellants exerted therein. Rather than somehow rendering inappropriate an award as appellees contend, it further justifies the continuing appropriateness of fees by representing the tangible fruits of the appellants' labor before the district court. This is the very purpose 42 U.S.C. § 1988 was intended to serve. The likelihood that a later appeal before the Supreme Court on this first holding would have been dismissed as moot is irrelevant as to whether an award of fees remains appropriate inasmuch as the appellants would have nevertheless remained prevailing parties as a result of the district court's decision. Accordingly, this case is remanded to the district court for action consistent with this Opinion and the instructions previously outlined in Brown, 617 F.2d at 1233.[7]
 
 
 9
 PELL, Circuit Judge, dissenting in part, concurring in part.
 
 
 10
 While the Supreme Court did, as the majority opinion notes, hold that "deeming" was not antithetical to the general statutory requirement that Medicaid eligibility be based solely on resources "available" to the applicant, the Court did not in its opinion preclude a reasonable determination by the states of the amounts which could be required to be paid by a contributing spouse. I regard the judgment of the district court as setting forth an acceptable plan for this determination, and as not inconsistent with the Court's holding in Schweiker v. Gray Panthers, 453 U.S. ----, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). I therefore concur in that part of the present opinion of this court on that issue.
 
 
 11
 I adhere, however, to the position I took in my original dissent that there is no entitlement to attorneys' fees and respectfully dissent as to that portion of the majority opinion. I am unable to conceive, on the present record, that these appellants have prevailed in a practical sense in the particular litigation before us and it is that litigation with which we are now concerned.
 
 
 
 *
 Senior District Judge Robert A. Grant, United States District Court for the Northern District of Indiana, sitting by designation
 
 
 [1]
 Wayne A. Stanton no longer holds the position as Administrator of the Indiana Department of Public Welfare. Robert Smith, as of this date, serves as Acting Administrator. Pursuant to Fed.R.App.P. 43(c), we have substituted the name Robert Smith as Administrator of the Indiana Department of Public Welfare
 
 
 [2]
 42 U.S.C. § 1396a(a)(17) provides that only income "available" to the Medicaid applicant (in this case the institutionalized spouse) may be considered in establishing entitlement to and the amount of Medicaid benefits. It reads in pertinent part:
 (a) A state plan for medical assistance must
 (17) include reasonable standards ... for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with the objectives of this subchapter, (B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant or recipient ..., (C) provide for reasonable evaluation of any such income or resources, and (D) do not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child ....
 
 
 [3]
 Gray Panthers was decided exclusively on statutory grounds. The Court noted that the district court did not permit the plaintiffs to reach possible constitutional arguments. For this reason, the Court found these arguments "open to be litigated on remand" while expressing no view as to their merit. Gray Panthers, 101 S.Ct. at 2643 n.23
 The district court below found, as did the district court in Gray Panthers, that this issue should be decided on statutory grounds. It did not reach appellants' constitutional claims. Mem.Op. at 3. We, therefore, emphasize that this case has been decided as a matter of statutory, and not constitutional construction. Consistent with footnote 23 in Gray Panthers, we too leave appellants' constitutional arguments open to litigation on remand while intimating no opinion as to their merit.
 
 
 [4]
 The Court made a special effort to emphasize that "(h)ardships resulting from provisions in particular state plans that set aside inadequate sums for the contributing spouse, see n.19, supra, are not at issue here." Gray Panthers, 101 S.Ct. at 2643 (footnote omitted). Even though the Court approved those federal regulations which permit "deeming," we believe that there is considerable doubt, based upon Justice Powell's careful delineation of the issues being decided by the Court, whether the Court would view with favor the regulatory scheme invalidated by the district court
 
 
 [5]
 We further intimate no opinion whether I.C. 12-1-7-18.6 satisfies the suggested regulatory scheme articulated by the district court which we affirmed. Brown, 617 F.2d at 1228
 
 
 [6]
 Appellants argue that they "are entitled to a fee award for successfully withstanding DPW's effort to persuade the U.S. Supreme Court to obliterate this Court's holding on the first level of deeming." Appellants' Supplemental Response Brief at 2
 
 
 [7]
 In our previous decision, we found that the district court erred by refusing to award any fee for time spent on the fee application. Brown, 617 F.2d at 1233. Appellants now argue that this holding should be extended to include time spent defending their fees claim before the Supreme Court. Appellants' Supplemental Response Brief at 3. In Bond v. Stanton, 630 F.2d 1231, 1235 (7th Cir. 1980), this court held that 42 U.S.C. § 1988 entitles prevailing parties to fees for time spent litigating their claim to fees. One of the issues presented for Supreme Court review by appellees in their petition for a writ of certiorari was the correctness of this court's decision to award attorneys' fees. Appellants filed a response to protect their interests. Although the Court did not reach this issue, such action nevertheless constitutes litigation of the fees claim and compensation for time spent on the preparation of a response is appropriate