**Roland RAPISARDI, Plaintiff,**

v.

**DEMOCRATIC PARTY OF COOK COUNTY, George W. Dunne, as Chairman of the Democratic Party of Cook County and as President of the Cook County Board; Donald F. Eslick, as Democratic Party Committeeman of Northfield Township; Hyman Tucker, Supervisor of Employment of the Cook County Department of Highways, Defendants.**

**Civ. A. No. 81 C 1546.**

United States District Court, N.D. Illinois, E.D.

April 9, 1984.

---

* On that same date, plaintiffs filed a motion to reconsider. This motion, however, was with-

drawn by plaintiffs on May 8, 1984.

**540**

Gerald A. Goldman, Chicago, Ill., for plaintiff.

Elizabeth J. Cohen, Asst. State's Atty., Peter Fitzpatrick, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the plaintiff's specific objections to the amounts claimed as attorney's fees by counsel for the defendants. The defendants' motion for attorney's fees was granted in this court's Memorandum and Order entered June 20, 1983; however, determination on the amount to be awarded was deferred to allow the plaintiff the opportunity to file specific objections to the amounts claimed. On October 24, 1983, the court made an oral ruling as to the amount of fees to be awarded. This memorandum supports that ruling.

BACKGROUND

This was an action in which the plaintiff alleged that his civil rights were violated when he was fired from his job with the Cook County Highway Department in 1978. The plaintiff maintained that his dismissal was for reasons connected with his political activity as a precinct captain rather than based upon his work performance. By agreement of the parties, a decision on the merits was rendered on the basis of the stipulated record. In an order entered February 24, 1983, the court found that the plaintiff had failed to meet his initial burden of proving that political considerations motivated his termination.

As prevailing parties, the defendants petitioned the court for attorney's fees and costs pursuant to 42 U.S.C. § 1988. Finding that the plaintiff's claim was sufficiently groundless and unreasonable to justify such an award, the court granted the defendants' motion for attorney's fees, but did not set the amount of the award, pending filing of the plaintiff's objections. On October 24, 1983, the court ruled in open court on the plaintiff's specific objections to the amount of attorney's fees claimed, granting $1,500.00 in fees and $85.75 in costs to defendants George W. Dunne and Hyman Tucker, and $1,500.00 in fees and $220.40 in costs to defendants Democratic Party of Cook County and Donald Eslick. The factors considered by the court in de-

termining the amounts awarded are set forth in this opinion.

DISCUSSION

 The determination of what constitutes reasonable attorney's fees under 42 U.S.C. § 1988 is left to the sound discretion of the trial court. *In Re Illinois Congressional Districts Reapportionment Cases*, 704 F.2d 380, 382 (7th Cir.1983); *Johnson v. Brelje*, 701 F.2d 1201, 1211 (7th Cir. 1983); *Muscare v. Quinn*, 614 F.2d 577, 579 (7th Cir.1980). A formula applying " 'hours spent times billing rate' " is a factor to be considered in making the ultimate award, but it is only a starting point from which adjustments can be made for various other elements. *Muscare*, 614 F.2d at 579, citing *Waters v. Wisconsin Steel Works*, 502 F.2d 1309, 1322 (7th Cir.1974), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). The court in *Muscare* went on to hold that the eight factors set out in the Code of Professional Responsibility, as adopted by the American Bar Association, are pertinent and are to be considered in an award of fees under this statute:

> Factors to be considered as guides in determining the reasonableness of a fee include the following:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.
>
> Disciplinary Rule 2–106.

*Id.*

Unlike the present case, however, the Seventh Circuit cases applying the above factors to the determination of reasonable attorney's fees involve an award of fees to a prevailing plaintiff. *See Johnson v. Brelje*, 701 F.2d 1201 (7th Cir.1983); *Strama v. Peterson*, 689 F.2d 661 (7th Cir. 1982); *Muscare v. Quinn*, 614 F.2d 577 (7th Cir.1980); *Waters v. Wisconsin Steel Works*, 502 F.2d 1309 (7th Cir.1974), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). While attorney's fees have been liberally awarded to prevailing plaintiffs in civil rights cases, certain " 'policy considerations which support an award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.' " *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 418, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978), quoting *E.E. O.E. v. Christiansburg Garment Co., Inc.*, 550 F.2d 949, 951 (4th Cir.1977). The plaintiff is the "chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority,' " and where the plaintiff prevails and is awarded attorney's fees, those fees are being awarded against a violator of federal law. *Christiansburg*, 434 U.S. at 418, 98 S.Ct. at 698–99, quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968).

When the defendant prevails, however, an award of attorney's fees is based upon quite different equitable considerations. *Christiansburg*, 434 U.S. at 418–19, 98 S.Ct. at 698–99. In creating a private cause of action under Title VII of the Civil Rights Act of 1964, Congress intended to encourage vindication of its policy of social equality through the adversary judicial process. *Id.*, at 419, 98 S.Ct. at 699. By providing that attorney's fees could be obtained by the prevailing party, Congress desired to both make it easier for suits to be brought under the Act and also to discourage groundless and harassing litigation. *Id.*, at 420, 98 S.Ct. at 699–700. The *Christiansburg* court's balancing of these considerations resulted in its holding that

in order to award attorney's fees to a prevailing defendant, a District Court must find that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id., at 421, 98 S.Ct. at 700. The Supreme Court subsequently held that its analysis of these underlying policy considerations in *Christiansburg* applied also to an award of attorney's fees to prevailing defendants in civil rights actions brought under 42 U.S.C. § 1983. *Hughes v. Rowe,* 449 U.S. 5, 14–15, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980), quoting *Christiansburg, id.* Thus, the same stringent standard applies when attorney's fees are sought by prevailing defendants pursuant to 42 U.S.C. § 1988.

Equitable principles have traditionally governed a court's discretion in awarding attorney's fees, *Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–46, 36 L.Ed.2d 702 (1973), even when the award is made pursuant to statute. *See Bradley v. Richmond School Board,* 416 U.S. 696, 721, 94 S.Ct. 2006, 2021, 40 L.Ed.2d 476 (1974); *Sprogis v. United Air Lines, Inc.,* 517 F.2d 387, 391 (7th Cir.1975). "[A]n express grant of [Congressional] authority to award fees presumes continued application of equitable considerations in appropriate cases, both to effectuate the broader legislative purpose and to do justice in the particular case." *Faraci v. Hickey-Freeman Co., Inc.,* 607 F.2d 1025, 1028 (2d Cir.1979). Thus, the same equitable considerations which give rise to a high barrier of fee shifting where the defendant has been successful also should be given consideration in fixing the amount of the award. *Id.*

Most of the published decisions discussing the proper amount of an award of attorney's fees to a prevailing defendant since the *Christiansburg* case are from the Court of Appeals for the Second Circuit and the District Court for the Southern District of New York. The equitable concerns discussed in *Christiansburg* are embodied in the broad standard applied to the determination of fee amounts in these cases, which go beyond the more limited

approach of the Seventh Circuit prevailing plaintiff cases (holding that fee awards be based upon reasonable compensation for work done tempered by a concern for the difficulty of the case and the quality of the advocacy). As the court stated in *Colucci v. New York Times Co.*:

> The assessment of fees must be fair and reasonable based upon the particular circumstances of the case. The factors to be considered in fixing the fee include the plaintiff's earning capacity, his financial resources and ability to pay the sum awarded; the relative financial status of the defendant may also be taken into account—in sum, the equities of the situation are to be considered to assure that although the deterrent purpose of the statute is enforced, a losing party is not subjected to financial ruin.

533 F.Supp. 1011, 1012–13 (S.D.N.Y.1982). *Accord, Faraci v. Hickey-Freeman Co.,* 607 F.2d at 1028; *Spence v. Eastern Airlines, Inc.,* 547 F.Supp. 204, 205 (S.D.N.Y. 1982); *Woods v. State of New York,* 494 F.Supp. 201, 205 (S.D.N.Y.1980); *Fisher v. Fashion Institute of Technology,* 491 F.Supp. 879, 888 (S.D.N.Y.1980). The fact that the fee awards in these cases were granted pursuant to the provisions of Title VII rather than under 42 U.S.C. § 1988 does not negate their applicability here, as the same underlying policy considerations have been held to be relevant to fee awards under both statutes. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed. 163 (1980); *Muscare v. Quinn,* 614 F.2d at 579.

In the case at bar, the defendants George W. Dunne and Hyman Tucker were represented by the State's Attorney of Cook County, who seeks compensation for 27 hours of work at a rate of $65.00 an hour, for a total fee of $1,755.00. As Assistant State's Attorneys are apparently not required to keep time sheets, this figure represents a conservative estimate of the time expended, charged at a modest hourly rate, according to the affidavit of the Assistant State's Attorney assigned to the case. These defendants also request costs of $85.75. The defendants Democrat-

ic Party of Cook County and Donald Eslick were represented by private counsel. Their fee petition is supported by detailed time records reflecting a total of 112.75 hours spent on this case, charged at $100.00 per hour, for a total fee request of $11,275.00. In addition, they seek $220.40 in costs. After taking into account all of the pertinent factors, the court has reduced the amount of attorney's fees requested to $1,500.00 for each pair of defendants, or a total of $3,000.00. Costs in the amounts requested are also awarded to the defendants.

In reducing the amounts originally sought by the defendants the court does not pass upon the reasonableness of the fee request since the actual sum requested ($13,030.00) would appear to be beyond the plaintiff's financial means. *Colucci v. New York Times Co.*, 533 F.Supp. at 1013. The affidavit of the plaintiff along with the attached federal income tax returns for 1981 and 1982 indicate that he has not been employed except on a minimal, part-time basis since his termination from the Cook County Department of Highways. The plaintiff is solely responsible for the support of himself and his wife, who he states has not worked for the past 25 years. His gross income of $903 for 1981 was supplemented by $15,150 from rental property. In 1982, the plaintiff reported $5,187 in gross income plus $20,745 in rents from his property. It would follow that the living expenses of the plaintiff and his wife absorb the bulk of his income, and to impose an award in the amount requested would be excessive and impose hardship upon them.

■ Nor does the plaintiff's motivation in pursuing this litigation justify a large fee award, as the defendants suggest. It is true that the extent of the plaintiff's good faith in prosecuting the action is a factor to be considered in determining the size of the award. *Faraci v. Hickey-Freeman Co., Inc.*, 607 F.2d at 1029. However, there is no clear evidence in the record and the court made no finding when it granted the defendants' motion for attorney's fees

that the plaintiff lacked good faith in bringing this action. In the Memorandum and Order entered June 20, 1983, the court found that the plaintiff's lawsuit was essentially groundless, but there was no finding of either improper motivation or bad faith in his litigating the matter. Nor should any finding that this suit was brought in bad faith be implied from that opinion. Since this case was decided on the record, there was no opportunity for the court to assess the demeanor of the plaintiff or any of the witnesses, and thus the record is not adequate to support a finding of bad faith.

■ In the court's discretion to determine the amount of the fee to be awarded, small as well as large fees are permissible. *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir.1980). Other courts confronted with plaintiffs without adequate financial means to pay the attorney's fees requested have awarded various amounts, generally under $5,000. *See, e.g., Coleman v. General Motors Corporation*, 667 F.2d 704 (8th Cir.1981) ($5,000 award); *Spence v. Eastern Airlines, Inc.*, 547 F.Supp. 204 (S.D.N.Y.1982) ($1,500 award, plaintiff's income was $20,000); *Colucci v. New York Times Co.*, 533 F.Supp. 1011 (S.D.N.Y.1982) ($1,500 award, plaintiff's income was $19,000); *Hill v. BASF Wyandotte Corp.*, 547 F.Supp. 348 (E.D.Mich.1982) ($3,000 award, plaintiff's income was $24,610); *Woods v. State of New York*, 494 F.Supp. 201 (S.D.N.Y.1980) ($2,500 award, plaintiff's income was $25,000). *C.f. Obin v. District No. 9 International Association of Machinists and Aerospace Workers*, 487 F.Supp. 368 (E.D.Mo.1980) ($44,000 award, plaintiff's net worth nearly $200,000, and a finding that plaintiff's action was maintained in bad faith). The court concludes, therefore, that given the equities of the situation, the attorney's fees requested by the defendants are beyond the plaintiff's financial means and can be better borne by the defendants. An award of attorney's fees of $3,000.00 plus $305.75 in costs accomplishes the deterrent purpose of the statute, affords the defendants some compen-

sation for the legal services required in defense of this action, and yet does not subject the plaintiff to financial ruin.

## CONCLUSION

For the reasons stated above, the defendants George W. Dunne and Hyman Tucker are awarded $1,500.00 in attorney's fees and $85.75 in costs, and the defendants Democratic Party of Cook County and Donald Eslick are awarded $1,500.00 in attorney's fees and $220.40 in costs.