**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eli H. HELLMAN, Defendant-Appellant.**

**No. 76–3716**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1977.

Theodore J. Sakowitz, Federal Public Defender, Paul M. Korchin, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Karen L. Atkinson, Michael P. Sullivan, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

The Government has confessed error in this conviction of conspiracy, distribution of 6½ grams of cocaine, and possession thereof with intent to distribute. We therefore reverse the conviction and remand for a new trial.

The Government and the defense had entered into a lengthy stipulation to the effect that "if the Government were to have called various witnesses, they would have testified as set forth in the stipulation."

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Rather than restricting the jury to the consideration of the testimony that these witnesses would give, the court charged the jury as follows:

> This means that the defendant has stipulated that the Government would have proved a prima facie case of his guilt subject to your finding beyond a reasonable doubt that the defendant did so with the required specific intent. On this issue the Government has the burden of proof.

There was no objection, so reversal depends upon plain error. Inasmuch as this stipulation was not intended to relieve the Government of its burden of proving all essential elements of the offense, however, but only to serve the purpose of eliminating the necessity of calling certain witnesses, it being agreed as to what their testimony would be if called, the court's instruction was wrong.

The court did not instruct the jury on the essential elements of the offense charged. This was plain error.

Because the stipulation entered into by the parties only agreed as to what certain testimony would be, with no agreement that this testimony would be true, this case cannot be governed by *United States v. Harper*, 460 F.2d 705 (5th Cir. 1972), but rather must be ruled by *United States v. Bosch*, 505 F.2d 78 (5th Cir. 1974).

The Government's memorandum recited that, in light of a recommendation of the Appellate Section, Criminal Division, Department of Justice, it was conceding that prejudicial error occurred in the lower court by its failure to fully instruct upon the essential elements of the offense charged.

With this confession of error in the file, we can conclude this appeal by reversing the defendant's conviction and remanding for a new trial, without consideration of other arguments.

REVERSED AND REMANDED.