Silas K. BROWN, Community Thrift Club, Inc., a not-for-profit organization, and Rev. James Murphy, Plaintiffs,

v.

Ronald E. STACKLER, Superintendent of Department of Registration and Education, Bernard Carey, State's Attorney, and William J. Scott, Attorney General, Defendants.

No. 75 C 1686.

United States District Court,
N. D. Illinois, E. D.

Oct. 10, 1978.

Michael G. Stein of Silverstein & Stein, Chicago, Ill., for plaintiffs.

Charles J. Pesek, Asst. Atty. Gen., Chicago, Ill., for state defendants.

Stuart Gordon, Asst. State's Atty., Chicago, Ill., for county defendant.

ORDER

GRADY, District Judge.

The court has under consideration the plaintiffs' petition under 42 U.S.C.

§ 1988, which permits the court, in its discretion, to award reasonable attorneys' fees to the prevailing party in a civil rights action. The defendants have responded, arguing, *inter alia,* that this statute does not permit an award of fees against state agencies in cases brought under 42 U.S.C. § 1983. We disagree and believe that fees can be assessed against these defendants. To the extent that the defendants' objections are based upon the legal sufficiency of the petition, those objections are overruled.

■ The court believes that the rate of $50.00 per hour requested by plaintiffs' attorneys is reasonable, and the defendants do not suggest otherwise.

■ The court agrees with defendants, however, that the number of hours claimed to have been spent by plaintiffs' attorneys is grossly excessive. The court has carefully examined the court file for evidence of the time claimed to have been spent, and it is lacking. The bulky file consists mostly of pleadings and memoranda filed by parties other than the plaintiffs. Most of plaintiffs' court work consisted of motions for extensions of time. The six-page complaint in this case framed an issue which plaintiffs' attorneys knew would be controlled by the results in litigation then already underway in other courts. In fact, most of the time in this case was spent simply waiting for the decision of the United States Supreme Court in *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976), which was totally dispositive. The claim that 834½ hours was spent on this case, which is more than half the billable time an attorney would have for a whole year,* is simply absurd. We do not see how a reasonably competent attorney could have spent more than 100 hours to produce all of the work of which we see any evidence, either direct or circumstantial, in this case. To put the matter bluntly, we believe the claim is exaggerated probably on the order of eight times.

The question is whether the court, faced with this kind of claim, should exercise its discretion to award fees for what it regards as a reasonable amount of time. The defendants have recognized such a possibility by suggesting the maximum times they feel should have been required in various aspects of the case.

If the claim were only moderately excessive, or if reasonable minds could differ about how much time was or should have been spent, the court might well be inclined to determine for itself how many hours were reasonably required and allow a fee based upon those hours. But to use that approach in a situation of this kind would, in our view, demean the dignity of the judicial process and invite inflated claims for fees. We believe that the only proper decision in a situation of this kind is to deny fees altogether.

Plaintiffs' petition for attorneys' fees is denied.

---

* "Through a study made by the American Bar Association, it has been determined that the average attorney accrues only 1200 billable hours annually notwithstanding that he customarily works more than a 40-hour week." Manual on Fees and Charges published by the Illinois State Bar Association, September 1968, p. 11.