**Willie B. MURPHY, mother and next friend to John Bernard Murphy, a minor, Plaintiff-Appellant,**

v.

**Richard L. KOLOVITZ, Defendant-Appellee.**

No. 79–2441.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1980.

Decided Jan. 7, 1981.

Terrence K. Hegarty, Chicago, Ill., for plaintiff-appellant.

Phillip L. Bronstein, Asst. Corp. Counsel, Chicago, Ill., for defendant-appellee.

Before BAUER, WOOD and CUDAHY, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This is an appeal of the denial of attorney's fees under 42 U.S.C. § 1988 (1976).

---

The case involves the police detention of a twelve year old boy whose mother subsequently brought suit against the officer for violations of her son's constitutional rights. While successful in her claim of unjustifiable force, the court awarding compensatory damages of $2000, appellant failed to prove a claim of false arrest. Appellant's motion requesting attorney's fees and costs was denied without comment.

Under the Civil Rights Attorney's Fees Awards Act,[1] the district court may, in its discretion, award fees to a prevailing party. This discretion is limited by the language of the Senate Report accompanying the act: "the successful plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)." S.Rep.No.94-1011, 94th Cong., 2d Sess. 4, *reprinted in* [1976] U.S.Code Cong. & Ad.News, pp. 5908, 5912. Appellant contends that as a prevailing party on the claim of unjustifiable force, she is entitled to an award of fees since no such special circumstances exist. Further, appellant argues that denial of an award must be accompanied by an explanation of the circumstances which justify it.

■ We believe that appellant is a prevailing party within the meaning of the Civil Rights Attorney's Fees Awards Act. Our decision in *Dawson v. Pastrick*, 600 F.2d 70 (7th Cir. 1979), makes clear that this does not require success on every issue, but a determination that the plaintiff below "prevailed in a practical sense." *Id.* at 78. Fees were denied in *Roesel v. Joliet Wrought Washer Co.*, 596 F.2d 183 (7th Cir. 1979), because the court considered the outcome a draw. The court in *Dawson* distinguished *Roesel* in that the latter involved an individual plaintiff while the former benefited a class. This does not mean, as

appellee suggests, that an action on behalf of an individual cannot have a broader significance. *See Perez v. University of Puerto Rico*, 600 F.2d 1 at 2 (1st Cir. 1979). "[T]he circumstances of each case must be individually considered in determining who is the prevailing party." *Dawson v. Pastrick*, 600 F.2d at 79 n.13.

The essential issue in this case is the unwarranted conduct of a police officer toward a twelve year old boy. The court below was "unable to determine clearly from the evidence whether . . . the circumstances justified interrogating [Murphy] and taking him to the station." Since the appellant did not sufficiently prove false arrest, the court could not make a positive finding. On the other hand, the court determined unequivocally that "plaintiff suffered an unjustifiable physical abuse in the squad car at the hands of the defendant, Officer Kolovitz in violation of his civil rights." The outcome was not a draw as in *Roesel*; appellant clearly succeeded in proving the officer's wrongful conduct.

■ As appellant prevailed in a practical sense, an award of fees should ordinarily be granted "as a matter of course" absent circumstances which would render them unjust. *Davis v. Murphy*, 587 F.2d 362, 364 (7th Cir. 1978). The existence of such circumstances should be identified when attorney's fees are denied to a prevailing party. Following the lead of numerous circuits in cases involving both statutory and equitable awards of attorney's fees,[2] the First Circuit announced the following rule for awards under § 1988:

But we do hold that the summary disposition of the threshold question of entitlement in an informal unrecorded settlement conference followed by the issuance of an order denying counsel fees without an adequate statement of the reasons for the order does not meet minimum stan-

1. Pub.L.No.94-559, 90 Stat. 2641, 42 U.S.C. § 1988 (1976).

2. *See, e. g., City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) (applying Section 4 of the Clayton Act, 15 U.S.C. § 15 (1970)); *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) (applying Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k)); *Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973) (applying the general equitable power of the court).

dards of procedural fairness and regularity. [Citations omitted.] Nor does an order issued without a deliberate articulation of its rationale, including some appraisal of the factors underlying the court's decision, allow for a disciplined and informed review of the court's discretion.

*Sargeant v. Sharp,* 579 F.2d 645, 647 (1st Cir. 1978).

The Ninth Circuit came to the same conclusion after an examination of the language of the Senate Report *supra* : "Implicit in this expression of congressional intent is a requirement that a court which denies an award of attorney's fees must issue findings of fact and conclusions of law identifying the 'special circumstances' and explaining why they render an award unjust." *Sethy v. Alameda County Water District,* 602 F.2d 894, 897 (9th Cir. 1979).

The reasoning of these courts is applicable to the case at hand. The district court gave no explanation for its order denying fees to appellant's counsel. Although the Act makes an award discretionary, the language in *Newman* has been accepted as a clear limit. *See Dawson v. Pastrick,* 600 F.2d 70 (7th Cir. 1979). This court cannot perform its function of delimiting the scope of discretion where there is no reason given for the decision below. Although we believe the rule developed in the other circuits is the rule to be followed in this circuit, we do not intend to say that the rule must always be rigidly applied to require that the "special circumstances" always be neatly packaged and labeled on the record to avoid reversal if the "special circumstances" are otherwise clearly and unarguably recognizable in the record as developed by the trial judge. Any special circumstances there may be are not apparent to us from the record.

The order of the district court is vacated and the case remanded for a determination of appropriate attorney's fees, if any. Briefs may be filed in lieu of a hearing, *Konczak v. Tyrrell,* 603 F.2d 13 (7th Cir. 1979), and if the court determines that special circumstances exist, the award may be denied with adequate explanation. In the absence of special circumstances, the amount of the award should reflect consideration of the guidelines adopted in *Muscare v. Quinn,* 614 F.2d 577 (7th Cir. 1980) and the purposes of the Act.

Reversed and Remanded.