James SKODA and Michael Callahan, Plaintiffs,

v.

Carl FONTANI, Defendant.

No. 79 C 2932.

United States District Court, N. D. Illinois, E. D.

June 26, 1981.

Donald Crowe, Stuart Kessler, Patrick Mahoney & Assoc., P.C., Chicago, Ill., for plaintiffs.

Wayne B. Giampietro, DeJong, Poltrock & Giampietro, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On June 9, 1980, a jury returned a verdict in this civil rights case in favor of the plaintiffs in the amount of $1.00 each. On September 10, 1980, this Court denied plaintiffs' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 on the grounds that, based upon the token amount of the award, plaintiffs are not truly the "prevailing" parties within the meaning of the statute. On April 2, 1981, the Seventh Circuit Court of Appeals, 646 F.2d 1193 (7th Cir.), reversed and remanded, stating:

> On remand, the district court should consider whether any special circumstances exist, and if not, should decide the appropriate amount of the fee award in light of these decisions.

The "special circumstances," however, referred to by the Circuit Court were, in this Court's view, set forth in our June 9, 1980 order:

> Plaintiffs sought $200,000 in their complaint. Prior to trial they would have settled for $3,000 and could have settled for at least $1,500. The jury apparently further discounted the value of plaintiffs' claims in awarding them $1.00 each.

The Court is appreciative that it was the intent of Congress in enacting 42 U.S.C. § 1988 to enable plaintiffs to retain counsel in difficult civil rights cases which but for the statutory fee award might be without legal representation. But it is doubtful that Congress envisioned that section 1988 would become the catalyst for litigating a claim which otherwise would be settled. During settlement negotiations, it became apparent to this Court that a major reason why this case did not settle for the nominal sum that was warranted, and instead went to trial, was because plaintiffs' attorney would not, in his view, be adequately compensated if the case were settled for $1,500. Therefore, a case, that should have been settled,[1] was tried on its merits. The jury more than agreed with both defendants' and plaintiffs' counsels' low evaluations of plaintiffs' potential recovery when it awarded each plaintiff $1.00 in damages.

The Circuit Court apparently did not agree that the foregoing scenario justified a denial by this Court of an award of attorneys' fees and costs. Therefore, in response to the remand order it now would be fruitless for this Court to reiterate these same factors as a basis for "special circumstances." Instead, pursuant to Circuit Court's opinion, we must now "decide the appropriate amount of the fee award."

■■■ Plaintiffs' counsel request attorneys' fees in the amount of $10,441.25 and costs of $1,586.12. The Civil Rights Attorney's Fees Awards Act provides that in civil rights actions under § 1983 and certain other statutes, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1976). This discretion is limited to a degree, in that a successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Busche v. Burkee*, 649 F.2d 509 (7th Cir. 1981); *Murphy v. Kolovitz*, 635 F.2d

662, 663 (7th Cir. 1981). The purpose of the Act "is to permit and encourage the redress of the civil rights violations of victims but not to create a civil rights fee bank to be liberally drawn upon by lawyers for their own welfare," and the fee award determination is to be based on the totality of the case in light of the purpose of the Act. *Coop v. City of South Bend*, 635 F.2d 652, 655 (7th Cir. 1980).

■■■ The task of determining an appropriate award of attorney's fees in a given case is a complex task involving "the coalescence of many considerations including the reasonableness of the time spent by counsel, the extent of counsel's success and the complexity of the case." *Waters v. Wisconsin Steel Works*, 502 F.2d 1309, 1322 (7th Cir. 1974). Moreover, attorney's fees are not to be determined solely on the basis of a formula applying "hours spent times billing rate," although that may be a convenient starting point from which adjustments can be made. *Id.* Other elements to be considered include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

*Mucare v. Quinn*, 614 F.2d 577 (7th Cir. 1980); *Waters, supra* at 1322.

---

1. There was prior to trial a bona fide factual dispute as to liability, but plaintiffs clearly were unprepared to prove more than token damages.

Reviewing this case in light of the standards established in *Waters, Muscare* and *Busche*, the Court finds that this was a relatively simple and straightforward case, involving neither complex legal questions nor complex factual situations. There were no substantive pretrial motions, and discovery was brief and without incident. While the Court is well aware of the constitutional dimension of plaintiffs' claim, in its presentation and preparation, this case was most analogous to the simplest of tort actions.

The Court further finds that plaintiffs, although prevailing at law, were, as a practical matter, unsuccessful in achieving much of what they sought. It must be remembered that plaintiffs sought $200,000 and that their theory of liability and damages, as explained in their pretrial order, involved false arrest, false imprisonment, physical abuse, mental abuse and constitutional violations.[2] The jury, however, awarded the plaintiffs only $1.00 each.

The extent of counsel's success is an essential consideration to be taken into account by the Court, *Waters, supra* at 1322, and fees only are to be awarded for work performed on claims in which plaintiffs succeeded. *Busche, supra* at 521–522. "The small amount of the award for damages is an appropriate consideration in the determination of reasonable fees." *Coop v. City of South Bend*, 635 F.2d 652, 654 (7th Cir. 1980). Although no special verdict forms were returned making it impossible for this Court to ascertain which of plaintiffs' claims the jury decided had been proven, it is obvious that the extent of counsel's suc-

cess was as small as could be, without having lost entirely. It is within the reasonable range of a trial court's discretion to reduce attorney's fees "to bring the total compensation allowed into more reasonable relation with the monetary recovery in the case." *Mary and Crystal v. Ramsden*, 635 F.2d 590, 601 (7th Cir. 1980).

Accordingly, given the simplicity of the case and the extent of plaintiffs' counsels' "success," the Court awards plaintiffs attorneys' fees and costs in the sum of $6,086.12. It is so ordered.

---

2. In their amended complaint, plaintiffs described their damages as follows:

That as a direct and proximate result thereof, the Plaintiffs, and each of them, were severely and permanently injured in their bodies, both internally and externally, and sustained lacerations to their bodies, and suffered pain and severe injuries, and suffered pain and anguish from then until now, and will continue to so suffer in the future, and have suffered damages. That the Plaintiffs, and each of them, have expended and become liable for large sums of money and will become liable for other large sums of money for medical and hospital care and attention, and the Plaintiffs have lost and will lose in the future large sums of money by reason of said injuries, and have been greatly injured in their credit, reputation and circumstances by reason of the premises, and were obliged to and did expend large sums of money in and about securing a manifestation of their innocence, and were greatly hindered and prevented from attending, following and transacting their affairs, and the Plaintiffs claim further damage for violation of their rights guaranteed to them by the Constitution of the United States of America as set forth above.