IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 06-20925
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

ADONIS ADREANO ABBOTT

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-309-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Adonis Adreano Abbott challenges his bench-trial conviction for bank robbery and use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1), and 2113(a), (d). He presents two evidentiary issues.

Abbott challenges the denial of his motion to suppress, asserting: (1) a roadblock instituted by the Houston Police Department (HPD) was unconstitutional in the light of City of Indianapolis v. Edmond, 531 U.S. 32 (2000), and Illinois v. Lidster, 540 U.S. 419 (2004); and (2) the Officers lacked

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable suspicion to stop the SUV Abbott was driving. Factual findings on a motion to suppress are reviewed for clear error and the district court's ultimate conclusions on Fourth Amendment issues de novo, viewing the evidence in the light most favorable to the prevailing party. E.g., United States v. Santiago, 310 F.3d 336, 340 (5th Cir. 2002).

"The stopping of a vehicle and detention of its occupants constitutes a 'seizure' under the Fourth Amendment." United States v. Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). A limited search and seizure is permissible under the Fourth Amendment, even in the absence of probable cause, when "there is a reasonable and articulable suspicion that a person has committed or is about to commit a crime". United States v. Jones, 234 F.3d 234, 239 (5th Cir. 2000). To determine whether reasonable suspicion has been developed, courts must examine the totality of the circumstances, including the collective knowledge and experience levels of the officers involved. United States v. Estrada, 459 F.3d 627, 631-32 (5th Cir. 2006).

The Officers were justified in focusing on the SUV because: (1) the vehicle was located in the dense traffic where electronic tracking devices (ETDs) embedded in the stolen money suggested it was to be found; (2) the race, gender, and number of the occupants of the SUV matched the description of the suspects; and (3) the occupants of the SUV exhibited behavior that experienced Officers reasonably interpreted as suspicious conduct under the circumstances. This information was sufficient to justify an investigatory stop. See United States v. Hall, 557 F.2d 1114, 1116 (5th Cir. 1977).

With respect to the roadblock, the district court likewise did not err. Roadblocks designed to address specialized law-enforcement purposes may be permissible without the presence of individualized suspicion, provided the court finds a favorable balance between "the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the

severity of the interference with individual liberty". Brown v. Texas, 443 U.S. 47, 50-51 (1979); see also Lidster, 540 U.S. at 424.

The roadblock was a targeted law-enforcement effort designed to address a specific and dangerous crime – an armed bank robbery – about which the HPD had particularized knowledge. Utilizing the ETDs, the Officers were able to narrow their search to a relatively small area in which there was a high likelihood of apprehending the suspects. Thus, the roadblock was properly tailored to detect evidence of a particular criminal wrongdoing rather than for general crime control. See Lidster, 540 U.S. at 424; see also Edmond, 531 U.S. at 44 ("an appropriately tailored roadblock set up to . . . catch a dangerous criminal who is likely to flee by way of a particular route" would "almost certainly" be permissible). Accordingly, it was not unconstitutional per se.

Further, the roadblock was not unreasonable under the circumstances, and it satisfies the requirements of the Brown balancing test. The public concern of apprehending armed bank robbers was substantial; the roadblock was tailored in both time and place, based on evidence extracted from the ETDs; and any objective intrusion on civil liberties was minimal and brief.

Abbott next maintains the evidence was insufficient to establish that the Wells Fargo Bank in question was insured by the Federal Deposit Insurance Corporation (FDIC), an essential element for the offense under 18 U.S.C. § 2113. Our usual standard of review for sufficiency of the evidence in a bench trial is "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty". United States v. Turner, 319 F.3d 716, 720 (5th Cir. 2003) (citation and internal quotation marks omitted).

Contrary to the Government's assertion, Abbott's failure to move for a judgment of acquittal under Federal Rule of Criminal Procedure 29 does not mandate application of the more onerous "manifest miscarriage of justice" standard. When a defendant elects a bench trial, his plea of not guilty serves as

a motion for acquittal, and his challenge to sufficiency of the evidence is preserved. See United States v. Cardenas, 9 F.3d 1139, 1159 (5th Cir. 1993).

The only evidence presented at the trial was Abbott's stipulation regarding the testimony the Government's witnesses would offer, including that they would testify that the bank was insured by the FDIC. Although Abbott did not stipulate to the truth of that testimony, the district court was entitled to rely on the stipulated testimony as evidence in making its determination of guilt. See United States v. Kleinschmidt, 596 F.2d 133, 136 (5th Cir. 1979).

Abbott's reliance on United States v. Hellman, 560 F.2d 1235, 1236 (5th Cir. 1977), is misplaced. Hellman held only that a stipulation as to testimony did not relieve the district court of the obligation to instruct the jury that it had to find the essential elements of the offense. (It goes without saying that, for the bench trial at issue, the district court makes those requisite findings.) Hellman "should not be read to imply that stipulations cannot themselves provide sufficient evidence to satisfy those elements". Kleinschmidt, 596 F.2d at 136.

AFFIRMED.